NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>                              **Plaintiff,**<br><br>v.<br><br><br>**JOHN DOE subscriber assigned IP,<br>address 100.1.123.189**<br>                              **Defendant.** | **Civil Action No. 13-971 (WJM)**<br><br><br><br><br>**ORDER** |

   This is an action for copyright infringement. Plaintiff seeks leave to conduct expedited discovery in order to ascertain the identity of John Doe subscriber assigned IP address 100.1.123.189.  Presently before the Court is Plaintiff's motion for leave to serve third-party subpoenas prior to a Federal Rule of Civil Procedure 26(f) conference [CM/ECF No. 4.]   Because Defendant has not yet been served, the motion is unopposed.  No argument was held.  Fed. R. Civ. P. 78(b).  Based upon the following, the motion is **granted in part, and denied in part**.

1.   Plaintiff, a California limited liability company, is the owner of 23 federally registered, copyrighted movies (the "Works"). (Compl. ¶ 3, Ex. B.)  On February 15, 2013, Plaintiff filed a complaint against Defendant known only by his Internet Protocol ("IP") address 100.1.123.189,[1] asserting claims for infringement in violation of 17 U.S.C. §§ 106 and 501. Plaintiff alleges that through the use of BitTorrent, a common peer-to-peer file sharing protocol used for distributing large amounts of data through the internet, Defendant copied and distributed the Works without Plaintiff's permission or consent. (Compl.¶¶ 10-25.)

2.   According to the Plaintiff, Defendant acted under the guise of his IP while

---

[1] Plaintiff retained a forensic investigation company to identify the IP address associated with Defendant.  (Declaration of Tobias Fieser ("Fieser Dec.") at ¶¶ 11-21.)

    committing acts of infringement on the internet.  Plaintiff maintains that it cannot establish Defendant's true identity without obtaining information from Defendant's respective Internet Service Providers ("ISPs"), which can link the IP address to a person or entity.  (Plaintiff's Brief ("Pl.'s Br.") 4.)  By way of this motion, Plaintiff seeks an order permitting it to serve subpoenas upon Defendant's ISPs[2] in order to obtain the name, address, telephone number, and e-mail address of the Defendant John Doe.  Plaintiff argues that without this information, Plaintiff will not be able to serve the complaint and proceed with the case. (Id.)

3.     Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed.R.Civ.P. 26(d)(1).  The Court, however, may grant leave to conduct discovery prior to a conference.  See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances...."  Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test.  See Arista Records LLC v. Does 1-4, 589 F. Supp. 2d 151, 152 (D. Conn. 2008); In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012); Pacific Century International, Ltd. V. Does 1-101, No. 11-2533, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D.Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D.Cal. 2002).

4.     The Court recognizes the challenges faced by Plaintiff and its need to identify Defendant in order to serve him with the Complaint.  The Court nevertheless remains concerned that the IP subscriber and Defendant John Doe may not be the same individual.  Granting Plaintiff's motion—which seeks the name, address, telephone number, *and* e-mail address of the IP subscriber—in its entirety would result in the provision of more private information than is needed on an "expedited basis" in order to identify the Doe defendant and serve the Complaint.  See, e.g., Century Media, Ltd. v. John Does, 1-77 et al., No. 12-3911, 2013 WL 868230, at *4 (D.N.J. Feb. 27, 2013); Third Degree Films, Inc. v. John Does 1-110, No. 12-5817 (D.N.J. Jan. 17, 2013).  In short, while Plaintiff has shown the need for *some*

---

[2]The Complaint identifies the file hashes for the IP address of John Doe, and the date of each alleged act of copyright infringement. (See Compl., Ex. A., B.)

      information in order to proceed with the case, it has not shown it requires the volume of information sought in order to effectuate the basic task of identifying John Doe and serving the Complaint. See Century Media, Ltd. v. John Does, 1-77 et al., No. 12-3911, 2013 WL 868230, at *4 (D.N.J. Feb. 27, 2013).

5.      For the reasons stated above, Plaintiff's motion for expedited discovery will be **granted in part and denied in part**.  The Court **grants** Plaintiff's motion **in part** in that Plaintiff may serve expedited discovery to determine the **name** and **address** of Defendant John Doe.  This information shall be used only for purposes of this litigation.  The motion is **denied** to the extent it seeks any information beyond the alleged Defendant's name and address.  The provision of only John Doe's **name** and **address**, and the restrictions on the manner in which such information can be utilized, sufficiently assuages this Court's concerns expressed in the Undersigned's prior Order in Third Degree Films, No. 12-5817 (D.N.J. Jan. 17, 2013);[3]

      **Therefore, and based upon the above, it is, on this 23rd day of April 2013**,

      **ORDERED** that, Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the internet service provider that provided internet service to Defendant John Doe; and it is further

      **ORDERED** that, the subpoena may <u>only</u> seek the **name** and **address** of the account holder of such IP address; and it is further

      **ORDERED** that, Plaintiff shall attach a copy of this Order to each subpoena served; and it is further

      **ORDERED** that, any information obtained from the internet service provider shall be used only for purposes of this litigation and the Plaintiff shall provide copies of the responsive information to Defendant John Doe who enters an appearance in this case; and it is further

      **ORDERED** that, if Plaintiff files an Amended Complaint to identify Defendant John Doe by proper name, Plaintiff shall ensure it has sufficient factual basis for any assertions made.  By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the person identified as the subscriber is associated with the IP address to prove that such a person engaged in the conduct alleged in Plaintiff's

---

[3]The Court also notes the distinction between this case which has only 1 John Doe defendant, and Third Degree Films, Inc. wherein Plaintiffs filed suit against 110 John Doe defendants.

Complaint; and it is further

**ORDERED** that, nothing in the Order prevents any appropriate party from moving to quash any subpoena; and it is further

**ORDERED** that, Plaintiff's Motion for an Expedited Hearing [CM/ECF No. 6] is terminated as moot.

                                         s/Mark Falk
                                         **MARK FALK**
                                         **United States Magistrate Judge**